IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRUNSON ROBERTS**                                                                                       **PETITIONER**

v.                                                   No. 4:22-cv-00229-JTK

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                **RESPONDENT**

### ORDER

Petitioner Brunson Roberts, a prisoner in the Varner Supermax Unit of the Arkansas Department of Corrections, has filed a *pro se* § 2254 petition for writ of *habeas corpus*.[1] Roberts argues his right to due process has been violated for two reasons: (1) prison officials charged him with two "false" disciplinaries, and (2) they denied his requests for camera footage and witness statements necessary to defend himself at the disciplinary hearings. *Doc. 1*. Roberts contends the two disciplinaries were in retaliation for exercising his right to seek redress for grievances. In June 2022, United States District Judge Kristine G. Baker reassigned this case to the undersigned pursuant to the parties' consent to a United States Magistrate Judge's jurisdiction. *Doc. 12*.

**First Major Disciplinary.** On July 27, 2021, Administrative Review Officer Tabitha Crater filed against Roberts a major disciplinary for violating Rule 02-5 (unauthorized use of mail or telephone, including passing unauthorized messages, three-way communication(s), calling on another's phone code, posing as another person, and telephone communications with unauthorized persons):

> On July 27, 2021, at approximately 11:44 a.m., I, Tabitha Crater (Admin. Review Officer) was monitoring phone calls. While monitoring phone calls, I began to monitor that of the listed inmate L. Belcher #148104. While monitoring that call, phone number 501-568-9208 (Jasmine Turner), pin #431834857, the inmate [states the name, "Nina Gann"]. I called 2 & 4 control booth to verify who was currently

---

[1] Roberts captioned his petition under 28 U.S.C. § 2241. *Doc. 1*. Because Roberts is in state, not federal, custody, this Court directed the Clerk to change the cause to reflect 28 U.S.C. § 2254. *Doc. 13 at 3*.

>on the phone in 2 barracks.  The control booth operator stated that "Inmate B. Roberts is currently on the phone."  I searched phone records of inmate Brunson and Nina Gann, verif[ying that she] is in fact on inmate Brunson's denied phone list.  When verifying the phone information, the pin #431834857 belongs to inmate L. Belcher #148104.  Inmate Roberts knows it is against ADC policy to use pin numbers that are not authorized. . . .

*Doc. 1 at 15.*  When Roberts was notified of the disciplinary, he requested a witness statement to provide a "positive ID."  *Doc. 1 at 15.*  At the August 5, 2021, hearing, the hearing officer considered Officer Crater's statement, supporting statements from staff, and a witness statement.  *Doc. 1 at 23.*  Roberts also made a statement, denying that he was using the phone when he was identified by the control booth operator:  "She do[es] not state that I made a three-way call or nothing.  And she said that she call[ed] the control booth, but she did not state who she had call[ed].  All this is second-hand information.  I was not on the phone at this time."  *Doc. 1 at 22.*  The hearing officer found Roberts was guilty of committing the violation and imposed punishment: loss of commissary, phone, and visitation privileges for forty-five days; reduction in good-time classification from Class III to Class IV; and forfeiture of twelve good-time days.  *Doc. 1 at 22.*  The hearing administrator affirmed the finding.  *Doc. 1 at 17.*  On September 30, 2021, Payne, as ADC director upheld the guilty finding.  *Doc. 1 at 16.*

On September 10, 2021, Roberts filed a grievance, stating that, after he had filed an earlier grievance against Officer Crater and Sergeant Regina Stewart for "taking a bribe & fraternizing," Sergeant Stewart "made verbal threats to [him] for using the grievance procedure."  *Doc. 1 at 19.*  He stated that Stewart's threat was in retaliation for the grievance that he filed and that ADC officials failed to supervise and train her.  After interviewing Sergeant Stewart, the warden determined that there was no evidence to support Roberts's grievance and that it was without merit.  *Doc. 1 at 20.*  Roberts attempted to appeal the finding, stating that the warden failed to review video camera footage.  *Doc. 1 at 20.*  Roberts's appeal was rejected as untimely.  *Doc. 1 at 18, 20.*

**Second Major Disciplinary.** On November 2, 2021, Sergeant C. Conway filed against Roberts a major disciplinary for violating Rules 12-3 (failure to obey verbal and/or written orders of staff), 11-1 (insolence to a staff member) 5-3 (assault—any threat(s) to inflict injury upon another directly or indirectly, verbally or in writing), and 4-4 (battery—use of physical force upon staff):

> On November 2, 2021, at approx. 8:35PM, I, Sgt. C. Conway was in 2 Barracks (Zone 1) conducting a security check and passing out mail. While on the third tier, inmate Roberts Brunson #127841, who is solely housed in cell 51, came on the tier yelling that his cell door needed to be open. I called for the door to be opened and continued passing out mail. At that time, inmate Roberts yelled at me again stating, "Why the *** she won't open my door, you're on the damn radio. I'm standing here barefoot and I need my damn door open." I then told inmate Roberts that I was attempting to get the door opened. Inmate Roberts continued to yell, open my *** door." I gave him a direct order to stop yelling at me while making space between me and Inmate Roberts. He then walked towards me in an aggressive manner, while stating, "who the *** you think you're talking to." I gave him a direct order to stop intruding my space. Inmate Roberts refused until he walked directly up on me, brushing his body up against mine making physical contact. I feared for my safety and immediately called for the available staff to assist. Inmate Roberts knows that his actions are a direct violation of ADC and unit policy. . . .

*Doc. 1 at 25.* When Roberts was notified of the disciplinary, he requested a witness statement from "Sgt. Gardner," who could attest to camera footage of the incident, and from "Dr. White," a "mental health doctor," who could attest to his (Roberts's) conditions and diagnoses explaining his "reactions to certain situations in a prison setting." *Doc. 1 at 4–5 & 25.* At the November 9, 2021, disciplinary hearing, the hearing officer considered Sergeant Conway's statement, supporting statements from staff, an infirmary report, and "photos." *Doc. 1 at 27.* Roberts also made a statement: "The camera would show everything [Sergeant Conway] said was false. The reason I walked upon her [was] because she said if you want your meal [to] come and get it." *Doc. 1 at 26.* The hearing officer found Roberts was guilty of the violations and imposed punishment: loss of commissary, phone, and visitation privileges for sixty days; punitive isolation for twenty-

two days; and reduction in good-time classification from Class III to Class IV.  *Doc. 1 at 26.*  The major disciplinary appeal form, attached to Roberts's petition does not include the dates that any appeals were considered or the decisions made by the hearing administrator or ADC director.  *Doc. 1 at 28.*  Roberts, however, asserts that he appealed the hearing officer's guilty finding at both stages and that the finding was not overturned.  *Doc. 1 at 5.*  Roberts states that, because of the reduction in class, he is not eligible for parole for an additional year.  *Doc. 1 at 5.*

On November 10, 2021, Roberts filed a grievance, stating that, after he had been restrained on November 2, Sergeant Conway tried to attack him and was "relieved of her post"—before the disciplinary was entered into the computer system at 11:56 p.m.  He says that he has filed previous grievances against "Cpt. Lytsey" and "Sgt. Beck," and that the two officers retaliated by falsifying the disciplinary in Sergeant Conway's name.  ADC deputy director William Straughn found that the grievance was without merit and that an Internal Affairs investigation was unnecessary.  Straughn found Roberts "made physical contact with staff in an aggressive behavior," and that the staff member "responded and acted appropriately."  *Doc. 1 at 13.*

**Discussion.**  "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the length of their confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  "Where a petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger v. Erickson,* 77 F.3d 1071, 1073 (8th Cir. 1996). *See also Spencer v. Haynes,* 774 F.3d 467, 469–71 (8th Cir. 2014).  The imposed sanctions—loss of commissary, phone, and visitation privileges; and reduction in classification—affect the conditions of Roberts's confinement, not the length of his detention.  *See, e.g., Croston v. Payne,* No. 4:22-cv-00616-LPR-JVV, ECF No. 7, 2022 WL 18106996 (E.D. Ark. Aug. 23, 2022), *report*

*and recommendation adopted by* No. 4:22-cv-00616-LPR, ECF No. 9, 2023 WL 23806 (Jan. 3, 2023). To the extent Roberts contends his disciplinaries and reductions in class affected his transfer eligibility, or parole release date, parole is discretionary and does not result in a reduction of a prisoner's sentence. *See* Ark. Code Ann. § 16-93-701(b)(1)-(2). Arkansas parole statutes, therefore, create only a possibility of parole and confer no right to parole giving rise to a liberty interest. *Hamilton v. Brownlee,* 237 Fed. Appx. 114, 115 (8th Cir. 2007). A *habeas* remedy therefore is not available.

Roberts's remaining sanction is a loss of good time credits in the first disciplinary proceeding. Federal courts in the Eastern District of Arkansas have determined that, under the Arkansas statutory scheme, the loss of good time credits does not affect the duration of confinement or implicate a constitutionally protected liberty interest.[2] In *McKinnon v. Norris,* the Arkansas Supreme Court rejected the argument that the loss of good time as a disciplinary sanction is a loss of a liberty interest without due process. 366 Ark. 404, 408, 231 S.W.3d 725, 729 (2006). The Supreme Court noted that the governing statutes specifically state that "'meritorious good time will not be applied to reduce the length of a sentence,'" and that the credits instead should be applied to the prisoner's transfer eligibility date. *Id.* (quoting Ark. Code Ann. § 12-29-201(d) and

---

[2] *See Holliday v. Payne,* No. 4:24-cv-00395-BRW-ERE, ECF No. 10, 2024 WL 3352820 (E.D. Ark. June 21, 2024), *report and recommendation adopted by,* No. 4:24-cv-00395-BRW, ECF. No. 12, 2024 WL 3345528 (E.D. Ark. July 8, 2024); *Brown v. Payne*, No. 4:23-cv-00287-BRW-PSH, ECF No. 11, 2023 WL 6626280 (E.D. Ark. October 11, 2023), *report and recommendation adopted by*, No. 4:23-cv-00287-BRW, ECF No. 12, 2023 WL 7159296 (E.D. Ark. Oct. 31, 2023); *Martin v. Payne*, No. 4:22-cv-01271-KGB-PSH, ECF No. 44, 2023 WL 10553148 (E.D. Ark. Aug. 4, 2023), *report and recommendation adopted by*, No. 4:22-cv-01271-KGB, ECF No. 65, 2024 WL 1311411 (E.D. Ark., Mar. 27, 2024); *Crockett v. Kelley*, No. 5:18-CV-00210-JM-JTR, ECF No. 16, 2019 WL 1590947 (E.D. Ark. Mar. 14, 2019), *report and recommendation adopted by*, No. 5:18-CV-00210-JM, ECF No. 22, 2019 WL 1590588 (E.D. Ark. Apr. 12, 2019); *Roberts v. Hobbs*, No. 5:14-cv-00044-JHL-BD, ECF Nos. 5, 11, 2014 WL 1345341 (E.D. Ark. April 4, 2014), *certificate of appealability denied*, No. 14-1930 (8th Cir. Aug. 12, 2014).

citing Ark. Code Ann. § 12-29-201(e)(1)). If Roberts's good time credits and transfer eligibility date are restored, he would not have a legitimate expectation in parole release to give rise to a liberty interest. *Hamilton*, 237 Fed. Appx. at 115.

Even if any disciplinary sanction implicated a constitutionally protected right, the claims are procedurally defaulted. Before seeking *habeas* review, Roberts must have exhausted available state remedies by fairly presenting each of his constitutional claims in state court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Procedural default occurs when a petitioner did not present a claim in state court and a state court remedy is no longer available. *O'Sullivan*, 526 U.S. at 848. Under Arkansas law, "an inmate who asserts a credible constitutional claim is entitled to review [of the ADC's final decision] under the Administrative Procedures Act." *Ruiz v. Felts* 2017 Ark. 85, *3, 512 S.W.3d, 626, 628–69 (*per curiam*) (citing Ark. Code Ann. § 25-15-212 to § 25-15-219). The prisoner must file a petition seeking judicial review within thirty days of the agency's final decision. Ark. Code Ann. § 25-15-212(b)(1)(B). Roberts's state court remedy was a petition for judicial review under the APA. He failed to fairly present his constitutional claims in state court, and there is no longer an available state court remedy.

If a claim is procedurally defaulted, a federal court can consider it only if the petitioner establishes either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To establish cause, Roberts must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Roberts says the prison mail room returned to sender the papers that he needed to file a petition in state court. The ADC Return Mail Notice, however, is dated July 26, 2021, one day before Roberts received his first

disciplinary. *Doc. 1 at 14.* To the extent Roberts has alleged a challenge to the duration of his confinement, the claims are procedurally defaulted and therefore denied.

*   *   *

For all the reasons stated, Roberts's *habeas* petition fails and will be dismissed.

SO ORDERED.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

12/4/2024
DATE

7